J-A03029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHANNON DUMAY | : | |
| | : | |
| Appellant | : | No. 819 MDA 2020 |

Appeal from the Judgment of Sentence Entered April 8, 2020,
in the Court of Common Pleas of Luzerne County,
Criminal Division at No(s):  CP-40-CR-0003114-2019.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

JUDGMENT ORDER BY KUNSELMAN, J.:          **FILED MAY 21, 2021**

Shannon Dumay appeals from the judgment of sentence imposed following the entry of his guilty plea to possession of a firearm prohibited.[1] Additionally, Dumay's appellate counsel has filed a petition to withdraw from representation and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967) (hereinafter the "***Anders*** brief").  We deny counsel's petition, and remand for the filing of a counseled Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, as well the preparation and filing of a supplemental Pa.R.A.P. 1925(a) opinion by the trial court, addressing the merits of the counseled concise statement.

---

[1] ***See*** 18 Pa.C.S.A. § 6105(a)(1).

The relevant factual and procedural history can be summarized as follows. On February 18, 2020, Dumay pled guilty to one count of possession of firearm prohibited. At the time of his plea hearing, Dumay was represented by Mark Singer, Esquire, of the Luzerne County Office of the Public Defender. Dumay was sentenced on April 8, 2020, to five to ten years in prison. Dumay did not file a post-sentence motion. However, on May 8, 2020, Dumay filed a timely *pro se* notice of appeal, a *pro se* Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and a *pro se* motion for change of counsel. The trial court granted the motion for change of counsel, and on June 18, 2020, Matthew Kelly, Esquire, was appointed to represent Dumay as conflict counsel. On June 19, 2020, the trial court ordered Dumay to file a Pa.R.A.P. 1925(b) concise statement. The order was served on both the District Attorney's Office and Attorney Kelly. Attorney Kelly did not file a concise statement on Dumay's behalf.[2]

Although the trial court authored a Pa.R.A.P. 1925(a) opinion, it did not address any of the issues raised by Dumay in his *pro se* concise statement. Instead, the trial court indicated that, because Dumay was still represented by Attorney Singer when he filed his *pro se* concise statement, that statement was a legal nullity, since hybrid representation is not permitted. The trial

---

[2] In this court, Attorney Kelly indicates that he did not file a revised concise statement because he received no response from Dumay to any his communications regarding the appellate issues Dumay wished to raise. ***See Anders*** Brief at 3.

court further determined that, because no counseled concise statement was filed, none of Dumay's issues were preserved for appellate review.

Rule 1925(c) provides appellate courts with various remedies when faced with counsel's perceived failure to comply with the requirements of Rule 1925(b). Where, as here,

> an appellant represented by counsel in a criminal case was ordered to file a Statement and failed to do so . . . such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).

In the instant criminal matter, Dumay was represented by Attorney Kelly at the time the trial court ordered Dumay to file a Pa.R.A.P. 1925(b) concise statement. This Court is convinced that Attorney Kelly's failure to file a concise statement constitutes *per se* ineffectiveness. **See Commonwealth v. Burton**, 973 A.2d 428, 432 (Pa. Super. 2009) (*en banc*) (holding that "the complete failure to file the 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal"). Although the trial court authored a Pa.R.A.P. 1925(a) opinion, it did so only to inform this Court that all issues on appeal were waived due to the lack of a counseled statement. Thus, the trial court did not file an opinion addressing the merits of any issue Dumay wished to raise on appeal.

- 3 -

We therefore remand the matter to the trial court for Attorney Kelly to file a Pa.R.A.P. 1925(b) concise statement *nunc pro tunc,* within twenty-one days of the date the certified record is returned to the trial court, unless extended by the trial court. The trial court shall, within 30 days of the filing of the counseled Rule 1925(b) statement, prepare and file a supplemental Rule 1925(a) opinion addressing the merits of the issues raised in the counseled statement.

Petition denied. Case remanded with instructions. Jurisdiction retained.